J-S01025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :         PENNSYLVANIA
        :
        v.         :
        :
        :
ANGELA M. DIAZ         :
        :
        Appellant   :   No. 535 MDA 2024

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005090-2017

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:         **FILED: MAY 29, 2025**

Appellant, Angela M. Diaz, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which denied her first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court has previously set forth the relevant facts and procedural history of this case as follows:

> By way of background, the victim, a two-year-old female, died while under the exclusive care of [Appellant].  As would later be determined, death stemmed from the combination of a severe head injury as well as repeated physical abuse. While [Appellant] originally claimed that the victim had fallen off of a bed and hit her head, medical evidence refuted this assertion.  In fact, beyond the head injury, a post-mortem examination would uncover injuries to the victim's cheeks, ears, neck, abdomen, back, and buttocks, which

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

served to suggest, if not confirm, repeated physical abuse. The victim also appeared to have suffered from nutritional neglect.

Ultimately, [Appellant] pleaded guilty to third-degree murder. At sentencing, having been apprised of, *inter alia*, [Appellant's] pre-sentence investigation ("PSI") report, the court imposed [a term of] fifteen to thirty years of incarceration. After sentencing, [Appellant] filed a timely post-sentence motion, which was subsequently denied. Thereafter, [Appellant] filed a timely notice of appeal.

***Commonwealth v. Diaz***, No. 151 MDA 2021, unpublished memorandum at 1-2 (Pa.Super. filed Feb. 17, 2022). This Court affirmed Appellant's judgment of sentence on February 17, 2022. ***See id.*** Appellant did not seek further direct review.

On May 16, 2022, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel ("PCRA counsel") on September 27, 2023, who subsequently filed a "no-merit" letter and request to withdraw under ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*) on December 19, 2023.[2] On February 15, 2024, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907 and granted PCRA counsel's request to withdraw. In response, Appellant filed a *pro se* "Motion to Extend Time To Perfect Appeal." On March 8, 2024, the

---

[2] The court had originally appointed a different attorney to represent Appellant in the PCRA proceedings, but that attorney subsequently withdrew his representation.

court entered an order indicating that Appellant had not properly responded to the Rule 907 notice within the time permitted and formally denied PCRA relief. On March 12, 2024, Appellant filed a motion for reconsideration, which the court denied on March 19, 2024. Appellant later filed a *pro se* "Objection to Dismissal of Order."

Thereafter, Appellant timely filed a *pro se* notice of appeal.[3] On June 5, 2024, the court appointed new counsel, Attorney Andrew Cooper, to represent Appellant on appeal ("appellate counsel") and directed counsel to file a concise statement of errors complained of on appeal on Appellant's behalf. Appellate counsel entered his appearance on June 26, 2024, and requested an extension of time to file the concise statement. The court granted the extension request on July 2, 2024, and granted an additional extension request on July 30, 2024. On August 27, 2024, appellate counsel filed a statement under Pa.R.A.P. 1925(c)(4) of counsel's intent to withdraw and to file a **Turner**/**Finley** brief on appeal. Although counsel filed a Rule 1925(c)(4) statement, counsel did not subsequently file a **Turner**/**Finley** brief in this Court or motion to withdraw. Instead, Appellant filed a *pro se* brief on appeal.

Initially, it was not entirely clear from the record why the court deemed it necessary to appoint new counsel for this appeal. **See generally Commonwealth v. Rykard**, 55 A.3d 1177 (Pa.Super. 2012), *appeal denied*,

---

[3] The PCRA court did not rule on Appellant's "Objection to Dismissal of Order," presumably due to the pending appeal.

619 Pa. 714, 64 A.3d 631 (2013) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under **Turner**/**Finley**, court shall not appoint new counsel and appellant must look to her own resources for future proceedings). Regardless, once the court appointed appellate counsel to represent Appellant on appeal, counsel was obligated to do so. Thus, this Court retained jurisdiction but remanded for further proceedings to determine whether Appellant is entitled to representation in this appeal in the interests of justice, notwithstanding the general prohibition of Appellant's right to counsel at this stage in the proceedings.[4] **See Rykard, supra**.

By letter dated March 13, 2025, the PCRA court notified this Court of its determination that Appellant is not entitled to appointed counsel in this appeal. Thus, the court permitted appellate counsel to withdraw. Consequently, we proceed to our review of the issues raised in Appellant's *pro se* brief.

Appellant presents the following issues for our review:

Did PCRA Court err in ruling Appellant received her Sixth Amendment Right to effective assistance of counsel?

Did PCRA Court err in ruling West Lampeter, PA police properly investigated evidence used in the case and properly Mirandized, arrested, and questioned Appellant?

Did the PCRA Court err in ruling there was no Judicial

---

[4] **See** Pa.R.Crim.P. 904(E) (stating judge shall appoint counsel to represent defendant whenever interest of justice require it).

- 4 -

> Misconduct on behalf of the Judges who adjudicated Appellant's case?
>
> Did PCRA Court err in ruling Appellant's guilty plea was knowing and voluntary?

(Appellant's Brief at 4).[5]

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Parker***, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

After a thorough review of the record, the briefs of the parties, and the relevant law, we conclude that the majority of Appellant's issues merit no relief for the reasons stated in the court's Pa.R.Crim.P. 907 notice opinion. (***See*** Rule 907 Notice Opinion, 2/15/24, at 2-19). Specifically, the PCRA court found

---

[5] Although Appellant presents four issues in her statement of questions presented, she provides only one lengthy argument section, in violation of Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued; and shall have at head of each part—in distinctive type or in type distinctively displayed—particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent).

that PCRA counsel reviewed Appellant's *pro se* PCRA petition, the court file, notes of testimony from the guilty plea/sentencing hearing, and conducted additional legal research. Thereafter, PCRA counsel listed in a **Turner**/**Finley** no-merit letter 26 issues that Appellant wanted to present for the court's review, and PCRA counsel explained why each issue was meritless. PCRA counsel sent Appellant a copy of the no-merit letter and informed her that she had a right to proceed on her own or to hire an attorney of her choosing. Thus, the court concluded that PCRA counsel satisfied the technical requirements of **Turner**/**Finley**. (**See id.** at 2-4).

The court then proceeded to conduct an independent review of the record.[6] Specifically, regarding Appellant's claim that Attorney Christopher Tallerico failed to explain to her what it meant to waive a preliminary hearing, Appellant failed to detail how such alleged ineffectiveness affected the voluntary nature of her guilty plea. Thus, this claim merits no relief. (**Id.** at 10-11). With respect to Appellant's claim that Attorney Tallerico "pressured" her to plead guilty so that the Commonwealth would take the death penalty off the table, the PCRA court determined that counsel had a factual basis for

_____

[6] The court also initially concluded that Appellant's current PCRA petition was timely filed. (**See id.** at 4-6). We agree that Appellant's current petition is timely on its face as it was filed within one year of when her judgment of sentence became final. We further agree with the PCRA court that Appellant satisfied the general eligibility requirements for relief under the PCRA and that Appellant's underlying claims, to the extent they are presented in the context of ineffective assistance of counsel and/or challenges to the validity of her guilty plea, are cognizable under the PCRA. (**See id.** at 7-10).

such advice. The Commonwealth charged Appellant with homicide; thus, if the matter proceeded to trial, the Commonwealth could have pursued a first-degree murder conviction. The court further noted that the victim was under 12 years of age, and the Commonwealth could have filed a notice of intent to seek the death penalty. By pleading guilty, the court explained that Appellant avoided the risk of a first-degree murder conviction and possible death penalty. Thus, the court concluded this claim merited no relief. (*Id.* at 11-12).

As to Appellant's claim that Attorney Tallerico met with her only a few times, the PCRA concluded this claim merited no relief where Appellant failed to detail how such failure induced an involuntary or unknowing guilty plea. Likewise, the court concluded that Appellant's claim that Attorney Samuel Encarnacion failed to meet with her in a timely manner warranted no relief, where Appellant averred no facts that she was prejudiced by Attorney Encarnacion's alleged untimeliness. Appellant does not put forth a possible defense that was ignored, and Appellant fails to state how Attorney Encarnacion's alleged ineffectiveness induced her to plead guilty. (*Id.* at 12-13).

Further, the PCRA court found no merit to Appellant's claim that Attorney Encarnacion forced Appellant to plead guilty and threatened Appellant by saying that "if they went to trial they would blame her children and say they were lying." Rather, Appellant conceded at the plea hearing that

she was not threatened to plead guilty and was pleading guilty on her own volition. Regarding Appellant's claim that Attorney Encarnacion failed to notify Appellant of her rescheduled trial dates, Appellant fails to assert how this alleged ineffectiveness caused her to enter an unknowing and involuntary guilty plea. Similarly, Appellant fails to develop her claim that Attorney Encarnacion failed to give her discovery. Appellant does not explain how this alleged ineffectiveness caused Appellant to enter an unknowing and involuntary guilty plea. (*Id.* at 13-14).

Regarding Appellant's claim that Attorney Courtney Monson threatened her, Appellant provided no details of this alleged threat. Rather, at the plea hearing, Appellant confirmed that she was not threatened to plead guilty. Thus, the record belies this claim. With respect to Appellant's claim that Attorney Christopher Sarno advised Appellant that her only option was to plead guilty, the record belies this claim. The court asked Appellant at the plea hearing if she understood her right to go to trial, and Appellant responded affirmatively. (*Id.* at 14-15). Concerning Appellant's claim that all prior counsel failed to listen to her version of events and failed to investigate or interview witnesses, Appellant does not explain "her version" of events. Further, Appellant did not provide any witnesses that her attorneys should have considered interviewing. Thus, the court concluded these claims merited no relief. (*Id.* at 15).

Regarding Appellant's claim that her prior counsel were ineffective for

failing to request a change of venue due to the high-profile nature of her case, Appellant failed to provide any evidence of possible prejudicial pretrial publicity, or a factual basis for her conclusion that her case was "high profile." Consequently, the court deemed this issue without merit. (*Id.* at 15-16). Further, Appellant's claim that the police failed to issue her *Miranda*[7] warnings merits no relief where Appellant pled guilty. Appellant provides no argument about how this failure impacted her voluntary and informed guilty plea.[8] (*Id.* at 16).

Concerning Appellant's claim that the Commonwealth lacked adequate evidence to prosecute a case against her, the record belies this claim. The police conducted interviews of everyone that had contact with the decedent on May 17, 2017, and Appellant was the only adult who had contact with the decedent. An autopsy revealed that the decedent suffered multiple traumatic injuries to her brain and spinal cord and that she had suffered from malnutrition, starvation, and failure to thrive.[9] (*Id.* at 16-17).

---

[7] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[8] It is unclear whether Appellant purports to raise this claim in the context of a claim of ineffective assistance of counsel or as a challenge to the voluntariness of her plea. In any event, we agree with the PCRA court that the claim merits no relief.

[9] Again, it is unclear whether Appellant purports to raise this claim in the context of a claim of ineffective assistance of counsel or as a challenge to the voluntariness of her plea. In any event, we agree with the PCRA court that the claim merits no relief.

Appellant's claims of police ineptitude are also belied by the record. More importantly, Appellant fails to explain how any errors in the police investigation impacted her decision to plead guilty.[10] (*Id.* at 17). Appellant's claim that police interviewed her son without a parent present is irrelevant to the voluntariness of her guilty plea. Even if true, Appellant fails to explain how this claim has relevance to either Appellant's attorney's capabilities or as to the voluntary nature of her guilty plea. (*Id.* at 17-18).

Regarding Appellant's claims of judicial misconduct, Appellant failed to explain how any alleged judicial misconduct resulted in her entry of an unknowing or involuntary guilty plea. Further, the court concluded that there was no basis for Judge Knisely to recuse himself. (*Id.* at 18). With respect to Appellant's claim that the Commonwealth failed to turn over discovery, Appellant fails to articulate what discovery was allegedly not turned over to her. Without any further details, the court concluded Appellant's claim was conclusory and merited no relief.[11] (*Id.* at 18).

Appellant's claim that the prosecutor threatened to make Appellant's

_____

[10] Once again, it is unclear whether Appellant purports to raise this claim in the context of a claim of ineffective assistance of counsel or as a challenge to the voluntariness of her plea. In any event, we agree with the PCRA court that the claim merits no relief.

[11] Again, it is unclear whether Appellant purports to raise this claim in the context of a claim of ineffective assistance of counsel or as a challenge to the voluntariness of her plea. In any event, we agree with the PCRA court that the claim merits no relief.

son testify if the case proceeded to trial also merits no relief. Had the case proceeded to trial, the Commonwealth could have subpoenaed Appellant's son to testify, where Appellant's son had stated during an interview that Appellant was the sole adult caretaker of the decedent at the time the incident occurred. Thus, this claim lacks merit.[12] (*Id.* at 19). Regarding Appellant's claim that her Eighth Amendment rights were violated, Appellant does not detail how her living conditions are unconstitutional. Thus, this claim lacks merit.[13]

Therefore, as to the claims discussed above, we affirm on the basis of the PCRA court's well-reasoned opinion.[14] Additionally, Appellant now purports to raise claims challenging the effectiveness of direct appeal counsel, Attorney Benjamin Vanasse. Appellant did not challenge appellate counsel's effectiveness in her PCRA petition, so these claims are waived. *See generally Commonwealth v. Santiago*, 579 Pa. 46, 62, 855 A.2d 682, 691 (2004) (stating claims not raised in PCRA petition are waived and not cognizable on appeal). Notably, Appellant does not appear to raise this issue in a layered

---

[12] Presumably, Appellant is contending that this statement by the prosecutor coerced her to plead guilty.

[13] Again, it is unclear whether Appellant purports to raise this claim in the context of a claim of ineffective assistance of counsel or as a challenge to the voluntariness of her plea. In any event, we agree with the PCRA court that the claim merits no relief.

[14] We direct the parties to attach a copy of the PCRA court's February 15, 2024 Rule 907 Notice Opinion to this decision in any future proceedings involving this appeal.

fashion, by contending that PCRA counsel was ineffective for failing to raise appellate counsel's ineffectiveness. To the extent Appellant meant to do so, such a claim is underdeveloped and precludes our review. **See Commonwealth v. McGill**, 574 Pa. 574, 587, 832 A.2d 1014, 1022 (2003) (stating that where petitioner alleges multiple layers of ineffectiveness, she is required to plead and prove each of three prongs for each counsel who was allegedly ineffective). Moreover, Appellant fails to explain what other claims appellate counsel should have raised that would have been meritorious on appeal. **See Commonwealth v. Simmons**, 569 Pa. 405, 804 A.2d 625 (2001) (explaining that boilerplate allegations of ineffectiveness are insufficient to warrant relief).

With respect to Appellant's new claims on appeal concerning the effectiveness of PCRA counsel, Attorney Christopher Lyden,[15] Appellant claims that PCRA counsel was ineffective for failing to communicate with her, failing to investigate whether a recusal motion was proper, whether a motion for change of venue should have been filed by prior counsel, and failing to investigate the circumstances of her plea. Nevertheless, the PCRA court has properly rejected the underlying claims regarding the propriety of a recusal

---

[15] Appellant presents these claims for the first time on appeal pursuant to **Commonwealth v. Bradley**, 669 Pa. 107, 261 A.3d 381 (2021) (stating that PCRA petitioner may, after PCRA court denies relief and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at first opportunity to do so, even if on appeal).

motion and change of venue as set forth above, and PCRA counsel cannot be ineffective for pursuing meritless claims. *See Commonwealth v. Maddrey*, 205 A.3d 323 (Pa.Super. 2019), *appeal denied*, 655 Pa. 398, 218 A.3d 380 (2019) (stating counsel is not ineffective for failing to pursue meritless claims). Further, regarding Appellant's claims that PCRA counsel failed to communicate with her or investigate the circumstances of her plea, Appellant fails to adequately develop these claims. *See Commonwealth v. Lawrence*, 309 A.3d 152 (Pa.Super. 2024) (stating that to be entitled to remand hearing under *Bradley*, appellant must explain how further development of record would satisfy all three prongs of ineffectiveness test). Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/29/2025

- 13 -

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :
                                        :

v.                               :     NO.   CP-36-CR-5090-2017

                                          :

ANGELA DIAZ                         :

## PA.R.CRIM.P. 907 NOTICE

BY: REINAKER, J
FEBRUARY _/5_, 2024

### I. Introduction

On May 16, 2022, Angela Diaz (hereinafter "Movant") filed a *pro se* Motion for Post Conviction Collateral Relief (hereinafter "Movant's PCRA Motion") seeking relief under the Post Conviction Relief Act, (hereinafter "PCRA"). On September 27, 2023, this Court appointed Christopher Lyden, Esquire (hereinafter "Mr. Lyden") to represent the Movant. On December 19, 2023, Mr. Lyden filed a No-Merit Letter and a Motion to Withdraw as Counsel[1] pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1998).

For the reasons set forth below, this Court concludes that Mr. Lyden has complied with *Turner* and *Finley*, and thus grants his Motion to Withdraw as Counsel. Further, after a review of the entire record, this Court concludes the Movant's PCRA Motion is meritless, and there are no genuine issues concerning a material fact. No purpose would be served by further proceedings. Therefore, this Court intends to dismiss the Movant's PCRA Motion without a hearing.

---

[1] No-Merit Letter and Motion to Withdraw as Counsel were filed as a singular document. For brevity, except when specifically addressing the Motion to Withdraw, the Court will cite to this document as the "No-Merit Letter."

1

## II. Procedural Requirements

For PCRA counsel to withdraw, certain requirements must be met. First, counsel must submit a No-Merit Letter, detailing the nature and extent of his review of the case. *Finley*, 550 A.2d at 215. The letter must also list the issues a movant has raised, along with counsel's explanation of why each is meritless. *Id.* The PCRA court then conducts a thorough and independent review of the record. *Id.* If the court agrees with counsel that the motion is meritless, only then can counsel withdraw. *Id.* The court may then dismiss the motion without further proceedings. *Id.* Stated another way, the court must provide "an independent expression of its reasons" for dismissing the motion without a hearing. *Commonwealth v. Fulton*, 876 A.2d 342, 345 (Pa. 2002).

If the court finds dismissal without a hearing is appropriate, it must give notice of its intention to do so and state the reasons for the dismissal. Pa.R.Crim.P. 907(1). A movant can respond to the proposed dismissal within twenty (20) days. *Id.* If the court finds after that period the dismissal remains appropriate, it must then enter an order dismissing the motion and advising the movant of the right to appeal and the time within which the appeal must be taken. Pa.R.Crim.P. 907(4).

## III. Counsel's No-Merit Letter

In his No-Merit Letter, Mr. Lyden detailed the nature and extent of his review. Mr. Lyden stated he reviewed: the Movant's PCRA Motion, the court file, notes of testimony from the guilty plea/sentencing hearing, and additional legal research. *See* No-Merit Letter at 1.

Mr. Lyden also listed the Movant's issues she wished to have reviewed along with an explanation as to why they were meritless. Mr. Lyden addressed twenty-six (26) claims[2]: 1)

---

[2] Although Mr. Lyden only numbered twenty-five (25) numbered claims, there were twenty-six (26) claims listed in the No-Merit Letter.

2

Attorney Chris Tallerico (hereinafter "Attorney Tallerico") never discussed what it meant to waive a preliminary hearing; 2) Attorney Tallerico tried to persuade the Movant to take a plea by telling her that the death penalty would be taken off the table; 3) Attorney Tallerico met with the Movant only a few times; 4) Attorney Samuel Encarnacion (hereinafter "Attorney Encarnacion") did not meet with the Movant before she was incarcerated for a year and had no plan for a defense; 5) Attorney Encarnacion failed to inform the Movant about trial dates being cancelled; 6) Attorney Encarnacion failed to provide the Movant with discovery documents; 7) Attorney Courtney Monson (hereinafter "Attorney Monson") threatened the Movant to try to make her take the plea; 8) Attorney Christopher Sarno (hereinafter "Attorney Sarno") told the Movant that she could not have a trial and had to plead guilty; 9) all the attorneys failed to seek a recusal of Judge Howard Knisely (hereinafter "Judge Knisely"); 10) all of the attorneys failed to listen to the Movant's version of the events, failed to investigate evidence, and failed to interview witnesses; 11) all attorneys failed to request a change of venue because the case was high-profile with exorbitant amount of publicity; 12) the police did not provide the Movant with Miranda rights after her arrest; 13) the police did not have any incriminating evidence that justified the Movant's arrest; 14) the police refused to investigate other suspects; 15) the police never investigated witnesses; 16) the police spoke with the Movant's nine (9) year old son without a guardian present; 17) the police did not investigate the victim's medical history or history with Child and Youth Services (hereinafter "CYS"); 18) the police officer did not have the degree of skill needed to handle the case; 19) Judge Knisely refused to recuse himself after receiving an information packet from Justice and Mercy; 20) Judge Knisely had lunch with members from Justice and Mercy; 21) members of Justice and Mercy gave money to Judge Knisely for his campaign; 22) Judge Knisely removed the matter from the District Attorney's Office (hereinafter

3

"D.A.'s Office") and gave it to the Attorney General's Office (hereinafter "A.G.'s Office"); 23) the Assistant District Attorney, Karen Mansfield (hereinafter "Attorney Mansfield"), refused to provide the Movant the entirety of the discovery; 24) Attorney Mansfield threatened the well-being of the Movant's son; 25) Attorney Mansfield prosecuted a case that had no viable evidence based on the coroner and hospital reports; and 26) the Movant has been subjected to living conditions in violation of the Eight Amendment prohibition against cruel and unusual punishment. *See* No-Merit Letter at 1-2. Mr. Lyden provided an in-depth analysis of why all questions should be concluded in the negative. Consequently, he concluded the Movant's PCRA Motion is without merit.

Because of Mr. Lyden's review and analysis of the issues, this Court is satisfied that he sufficiently complied with the mandates of *Finley* in his No-Merit Letter. Mr. Lyden sent a copy of the No-Merit Letter to the Movant. In it, he informed the Movant that she may proceed on her own or hire an attorney to pursue his claims. *See* No-Merit Letter at 9. Subsequent Mr. Lyden's satisfaction of his requirements, this Court now turns to their own independent review of the Movant's PCRA Motion and the record.

### IV. This Court's Independent Review

#### A) Timeliness of the Movant's PCRA Motion

This Court's first act is to determine whether the Movant's PCRA Motion is timely. A movant can file a PCRA motion, including a second or subsequent one, so long as the motion is timely. 42 Pa.C.S.A. §9545(b). A movant must file a PCRA motion within one year of the date the judgment becomes final unless the movant proves that one of the exceptions to the timeliness requirement applies. 42 Pa.C.S.A. § 9545(b)(1). The PCRA lists three exceptions: 1) failure to raise the claim previously was the result of government interference with the presentation of the

4

claim; 2) the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by due diligence; or 3) the right asserted is a Constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the PCRA and was held by the court to apply retroactively. 42 Pa.C.S.A. §9545(b)(1)(i-iii). A motion invoking one of these exceptions must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. §9545(b)(2).

The PCRA's time-limit requirements are mandatory and jurisdictional in nature, and this Court may not disregard them to reach the merits. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). This Court has no authority to extend the filing process except as the statute permits. *Commonwealth v. Howard*, 788 A.2d 351 (Pa. 2002). This Court does not have the authority to "fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Generally, a movant must file his motion seeking relief under the PCRA within one year of the date that his judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final upon the expiration of a defendant's direct appellate rights. 42 Pa.C.S.A. § 9545(b)(3). A judgment becomes "final" for PCRA purposes at the conclusion of direct review or at the expiration of the time for seeking the review. *Commonwealth v. Breakiron*, 781 A.2d 94 (Pa. 2001). Therefore, if a defendant does not file a direct appeal, the judgment of the sentence becomes final thirty days after the imposition of a sentence. *Commonwealth v. Brown*, 767 A.2d 576 (Pa. Super. 2001). If a defendant seeks an allowance of appeal in the Pennsylvania Supreme Court and then fails to Petition for Certiorari in the United States Supreme Court, the judgment becomes final 90 days after the denial of a request for an allowance of appeal. *Commonwealth v. Johnson*, 803 A.2d 1291 (Pa. Super. 2002).

5

When faced with a PCRA motion, no other matters may be addressed if the motion is untimely. *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998); *see also Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (courts cannot ignore the mandatory and jurisdictional nature of the PCRA's timeliness requirements, which apply to all PCRA motions, regardless of the nature of the claims raised in the motion). This is because, in the context of the PCRA, timeliness is a jurisdictional issue. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011) (citing *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008)); *Commonwealth v. Jackson*, 30 A.3d 516, 518-19 (Pa. Super. 2011)). Where a movant's PCRA motion is untimely, the PCRA court lacks jurisdiction to reach the merits of his claim. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008) (citing *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999)); *Commonwealth v. Gandy*, 38 A.3d 899, 903 (Pa. Super. 2012). "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA [motion]." *Williams*, 35 A.3d at 52 (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)).

After review, this Court determines the Movant's PCRA Motion is timely on its face. The Movant was sentenced on December 9, 2020. On December 15, 2020, she filed a post-sentence motion, which was denied on December 28, 2020. The Movant appealed the denial on January 27, 2021. On February 17, 2022, the Superior Court affirmed the decision. Thus, the judgment became final on March 21, 2022. The Movant had until March 21, 2023, to file a PCRA Motion. The Movant's PCRA Motion was filed on May 16, 2022. Therefore, the Movant's PCRA Motion is timely and ripe for review.

6

## B) Eligibility for Relief under the PCRA

To be eligible for relief under the PCRA, a movant must plead and prove the required elements listed in 42 Pa.C.S.A § 9543(a). In summary, 42 Pa.C.S.A. § 9543(a) states:

1) A movant must have been convicted of a crime under Pennsylvania law;

2) that the conviction resulted from one of the conditions listed in 42 Pa.C.S.A. § 9543(a)(2);

3) that the allegation of error has not been previously litigated or waived; and

4) that the failure to litigate the issue, either prior to trial, during trial, or on direct appeal, "could not have been the result of any rational strategic or tactical decision by counsel."

42 Pa.C.S.A. § 9543(a).

This Court will address each individual facet of the Movant's claims to determine if she pleaded and proved each element by a preponderance of evidence.

42 Pa.C.S.A § 9543(a)(1) was satisfied as the Movant was convicted and sentenced under Pennsylvania law. 42 Pa.C.S.A § 9543(a) requires that a movant 1) be convicted and 2) is currently serving imprisonment, probation, or parole. *Id.* On September 16, 2020, on Criminal Information 5090-2017, the Movant pleaded guilty to one (1) count of Murder of the Third Degree[3]. On December 9, 2020, the Movant was sentenced to fifteen (15) to thirty (30) years of incarceration. Thus, this Court is satisfied the Movant meets the requirements of 42 Pa.C.S.A. § 9543(a)(1).

The Movant averred she is eligible for relief under the PCRA because of ineffective assistance of counsel, which is cognizable under 42 Pa.C.S.A. § 9543(a)(2). *See* Movant's PCRA Motion at 2. She also claimed various other issues, e.g. misconduct by Judge Knisely, the

---

[3] 18 Pa.C.S.A. 2502(c)

7

D.A.'s Office, and the police. *Id.* at 4-5. In supporting her eligibility for relief, the Movant claimed the following errors:

1) Attorney Tallerico never discussed with the Movant what it meant to waive the preliminary hearing.

2) Attorney Tallerico tried to persuade the Movant to take a plea deal by telling her that if she did then the death penalty would be taken off the table.

3) Attorney Tallerico only met with the Movant a few times.

4) Attorney Encarnacion did not meet with the Movant until she was incarcerated for more than a year and he had no plan at that initial meeting.

5) Attorney Encarnacion tried to force the Movant to take a plea deal by telling her if she went to trial then "they would blame her children and say they were lying."

6) Attorney Encarnacion never communicated with the Movant about trial dates being cancelled.

7) Attorney Encarnacion would not give the Movant any of the discovery the D.A.'s Office had provided.

8) Attorney Encarnacion had Attorney Monson threaten the Movant to try and make her plead guilty.

9) The Movant was assigned Attorney Sarno after the case was transferred to the A.G.'s Office.

10) Attorney Sarno spoke to the Movant twice before telling her it was too late to go to trial and thus she would have to take a plea deal.

11) All attorneys failed to ask the judge for a recusal.

12) All attorneys failed to listen to the Movant's version of the events, investigate evidence, or interview witnesses.

13) All attorneys failed to request a change of venue due to the case being high-profile.

14) The police never provided the Movant with her Miranda rights.

15) The police had no incriminating evidence to arrest the Movant.

8

16) The police refused to investigate other possible suspects.

17) The police never investigated witnesses.

18) The police interviewed the Movant's son without a parent or guardian present.

19) The police failed to investigate prior abuses based on the hospital report and corner's reports.

20) The police never investigated the victim's medical or CYS histories.

21) The police did not have the skill required to handle this type of case.

22) Judge Knisely refused to recuse himself due to his relationship with Justice and Mercy.

23) Judge Knisely had lunch with Justice and Mercy on several occasions.

24) Members of Justice and Mercy gave money to Judge Knisely's campaign.

25) Judge Knisely transferred the case from the D.A.'s Office to the A.G.'s Office.

26) Attorney Mansfield refused to turn over the entirety of discovery to the Movant.

27) Attorney Mansfield threatened the welfare of the Movant's child by threatening to call him as a witness if the case went to trial.

28) Attorney Mansfield had no viable evidence.

29) The Movant is suffering from cruel and unusual living conditions, which is in violation of the Eight Amendment.

*See* Movant's PCRA Motion.

As will be discussed further below, the Movant must sufficiently develop each claim to overcome any potential waiver issues pursuant to 42 Pa.C.S.A. § 9522(b).

In reviewing the Movant's claims, all could have been litigated and thus are deemed waived unless the Movant overcomes the waiver by showing that counsel provided ineffective legal assistance. Per 42 Pa.C.S.A § 9543, "the allegation of error [must] not [have] been

9

previously litigated or waived." 42 Pa.C.S.A § 9543. Under 42 Pa.C.S.A. § 9522(b), any issue "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9522(b). The Movant's claims listed in the Movant's PCRA Motion could have been litigated prior to her pleading guilty or on direct appeal. Thus, the claims are waived unless the Movant overcomes them by pleading and proving ineffective assistance of counsel. *Commonwealth v. Lambert*, 797 A.2d 232, 239-240 (Pa. 2001).

The standard of review of an ineffective assistance of counsel claim raised in a PCRA motion is the *Strictland* standard. *Commonwealth v. Dadario*, 773 A.2d 126, 128 (Pa. 2001). The *Strictland* standard invokes a "totality of the circumstances test" that requires a movant to show: "1) the underlying claim is of arguable merit; 2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and 3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different." *Lambert* at 243-244. Furthermore, specifically regarding guilty pleas, "[a]llegations of ineffectiveness...will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999). To successfully pursue an ineffective assistance of counsel claim, a movant must develop every claim *"with respect to each individual facet"* of the *Strictland* standard. *Id.* at 243 (emphasis added).

The Movant's claims must be more than "boilerplate allegations...to meet [her] burden of demonstrating [counsel's] ineffectiveness." *Id.* at 245. The Movant must sufficiently develop her claims in order to provide this Court with the ability to effectively review them. *Id.* at 242. It is the responsibility of PCRA counsel to "develop, to the extent possible, the nature of the

claims asserted with respect to each individual facet [of the *Strictland* standard]." *Id.* However, it is recognized by this Court that not all claims are able to be developed. For instance, claims that amount to nothing more than boilerplate allegations utterly devoid of arguable merit cannot be developed. These deficient claims that fail to forward any "relevant argumentation as to each necessary 'individual facet' of the *Strictland* standard" are doomed to fail. *Id.* at 243.

The Movant's first claim that Attorney Tallerico failed to notify her about waiver details fails to show ineffective assistance of counsel as the Movant failed to plead and prove facts sufficient to warrant relief. Relating specifically to guilty pleas, allegations of counsel's ineffectiveness would serve as the basis for relief only if the ineffectiveness *caused* the Movant to enter an involuntary or unknowing plea. *Allen* at 587 (emphasis added). The Movant claimed that Attorney Tallerico failed to notify her what it meant to waive the preliminary hearing. *See* Movant's PCRA Motion at 4. However, the Movant failed to detail how this affected the voluntary nature of her guilty plea. Assuming, *arguendo,* that Attorney Tallerico did not inform the Movant of possible waiver consequences, this Court cannot see how it would move the Movant to involuntarily or unknowingly plead guilty to Murder of the Third Degree. Thus, this Court holds this claim was made without any arguable merit and thus does not warrant relief.

The Movant's second claim that Attorney Tallerico pressured her into pleading guilty fails to show ineffective assistance of counsel as there was a factual basis for his advice. For a first-degree murder charge pursuant to 18 Pa.C.S.A. 2501, the Commonwealth could have filed a notice of an intent to seek the death penalty. 42 Pa.C.S.A. 9711(d)(16). The Movant claimed that Attorney Tallerico pressured her to plead guilty as it would take the death penalty off the table. *See* Movant's PCRA Motion at 4. The Movant was charged with homicide. If the matter proceeded to trial, the Commonwealth could have pursued a first-degree murder conviction

11

pursuant to 18 Pa.C.S.A. 2502. The victim was under the age of twelve (12) years old. Pursuant to 42 Pa.C.S.A. 9711(d)(16), the Commonwealth could have filed notice of an intent to seek the death penalty. On September 16, 2020, the Movant accepted the plea offer of Murder of the Third Degree. By doing this, the Movant avoided the risk of a first-degree murder conviction and the possibly of the death penalty. Thus, this Court holds the Movant's claim is without merit.

The Movant's third claim that Attorney Tallerico failed to meet with her fails to show ineffective assistance of counsel as the Movant failed to plead and prove facts sufficient to warrant relief. The Movant is required to show that Attorney Tallerico was not functioning as 'counsel' and this ineffectiveness caused the Movant to plead involuntarily or unknowingly. *Pierce* at 975. *Allen* at 587. The Movant stated that Attorney Tallerico only met with her a few times. *See* Movant's PCRA Motion at 4. The Movant did not detail how this induced an involuntary or ignorant guilty plea. Thus, this Court holds this claim lacks arguable merit.

The Movant's fourth claim that Attorney Encarnacion failed to meet with her fails to show ineffective assistance of counsel as the Movant failed to plead and prove facts sufficient to warrant relief. The Movant is required to show that Attorney Encarnacion was not functioning as 'counsel' and this ineffectiveness caused the Movant to plead involuntarily or unknowingly. *Pierce* at 975. *Allen* at 587. The Movant stated that Attorney Encarnacion met with her for the first time after she had already been incarcerated for more than a year and that he was unprepared with a defense. *See* Movant's PCRA Motion at 4. The Movant averred no facts that she was prejudiced by Attorney Encarnacion perceived untimeliness. She also does not put forth a possible defense that was not considered. Finally, she does not state how this induced her to

12

plead guilty involuntarily or unknowingly. Therefore, this Court holds this claim is without merit.

The Movant's fifth claim that Attorney Encarnacion forced her to plead guilty by invoking her children fails as it was made in a conclusory fashion. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed Attorney Encarnacion threatened her by stating "if [they] went to trial they would blame her children and say they were lying." *See* Movant's PCRA Motion at 4. This Court does not have any record of that conversation. Rather, the Movant stated on the record that she was not threatened in any way to plead guilty and that she was doing it on her own volition. N.T. 9-16-20 at 9. As such, this Court holds the Movant's claim is without merit as the record contradicts her claim.

The Movant's sixth claim that Attorney Encarnacion failed to notify her of rescheduled trial dates fails to show ineffective assistance of counsel as the Movant failed to plead and prove facts sufficient to warrant relief. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant stated that Attorney Encarnacion failed to notify her of rescheduled trial dates. *See* Movant's PCRA Motion at 4. However, she did not detail how this caused her to plead involuntarily or unknowingly. Thus, this Court holds that this claim is without merit.

The Movant's seventh claim that Attorney Encarnacion failed to provide the Movant with discovery documents fails as the Movant failed to plead and prove facts sufficient to warrant relief. The Movant is required to show that Attorney Encarnacion was not functioning as 'counsel' and this ineffectiveness caused the Movant to plead involuntarily or unknowingly. *Pierce* at 975. *Allen* at 587. The Movant claimed Attorney Encarnacion would not give her any

13

of the Discovery that the D.A.'s Office had provided. *See* Movant's PCRA Motion at 4. However, she did not argue why this prejudiced her. Furthermore, she did not detail how this caused her to plead guilty involuntarily or unknowingly. Thus, this Court determines the Movant's claim is without merit.

The Movant's eighth claim that Attorney Monson threatened the Movant fails as it was made in a conclusory fashion. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed Attorney Monson threatened her to induce her to plead guilty. *See* Movant's PCRA Motion at 4. However, the Movant provided no details on this alleged threat. Contrastingly, the Movant stated that she was not threatened in any way to take the plea agreement. N.T. 9-16-20 at 9. Considering this, this Court concludes the Movant desired to plead guilty pursuant to the plea agreement. As such, this Court holds the Movant's claim is without merit as the record contradicts her claim.

The Movant's ninth and tenth claims that Attorney Sarno was assigned to the case and he advised her that her only option was to plead guilty fails as these claims were made in a conclusory fashion. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed that Attorney Sarno was assigned to her case and that he said after a considerable delay that her only option was to plead guilty. *See* Movant's PCRA Motion at 4. The Movant does not make any arguments why Attorney Sarno being assigned to her case was prejudicial or would cause her to involuntarily or unknowingly plead guilty. Regarding the Movant's claim about Attorney Sarno's 'advice,' the record contradicts this claim. When reviewing her guilty plea, the Court asked the Movant if she understood her right to go to trial and the Movant answered affirmatively. N.T. 9-16-20 at 6. As

14

such, this Court holds these claims do not warrant relief as they were made in a conclusory and contradictory fashion.

The Movant's twelfth claim[4] that all attorneys failed to listen to her version of events fails as the Movant failed to plead and prove facts sufficient to warrant relief. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed that "all attorneys failed to listen to [her] version of events, investigate evidence, or interview witnesses." *See* Movant's PCRA Motion at 4. However, the Movant does not explain what "her version" of events is. She does not indicate what evidence was not considered. She does not provide any witnesses that her attorneys should have considered interviewing. Finally, the fact remains that she voluntarily and informedly pleaded guilty. N.T. 9-16-20 at 9. Thus, this Court holds this claim was made in a solely conclusory fashion and does not warrant relief.

The Movant's thirteenth claim that attorneys failed to request a change of venue fails as the Court of Common Pleas of Lancaster County has jurisdiction to hear criminal cases pursuant to 42 Pa.C.S.A. 931(a). "The courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa.C.S.A. 931(a). The Movant claimed her attorneys failed to request a change of venue due to the high-profile nature of her case. *See* Movant's PCRA Motion at 4. In certain circumstances, a defendant may claim denial of a fair trial because of the prejudicial pretrial publicity. In these cases, the defendant must show actual prejudice in empaneling the jury. *Murphy v. Florida*, 421 U.S. 794 (1975). In rare instances, the "pretrial publicity [is] so sustained, so pervasive, so inflammatory, and so inculpatory as to

---

[4] The Movant's eleventh claim of her attorneys failing to ask for Judge Knisely's recusal will be addressed along with the claims of judicial impropriety.

15

demand a change of venue without putting the defendant to any burden of establishing a nexus between the publicity and actual jury prejudice." *Commonwealth v. Frazier*, 471 Pa. 121, 127 (1977). However, the Movant did not provide any evidence of possible prejudicial pretrial publicity. She also did not provide a factual basis that her case was in fact "high profile." Without further evidence, this Court concludes that according to 42 Pa.C.S.A. 931(c), the Court of Common Pleas of Lancaster County was the proper venue to resolve the Movant's case. Thus, this Court holds the Movant's claim is without merit.

The Movant's fourteenth claim that police did not provide her with her Miranda rights fails as it has no bearing on her guilty plea. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed the police "never Mirandized [her] after the arrest." *See* Movant's PCRA Motion at 4. From this Court's analysis, there were no facts provided to support the validity of that statement. However, in considering any possible merits of the claim, it is recognized that Miranda warnings are crucial to eliciting incriminating statements during a custodial interrogation. This would become a critical aspect if the case went to trial. As noted above, the Movant voluntarily pleaded guilty. Thus, the analysis shifts from the admissibility of the statements to whether the action impacted the voluntary nature of the Movant's guilty plea. The Movant provided no arguments about how this impacted her voluntary and informed guilty plea. Thus, this Court holds this claim is without merit.

The Movant's fifteenth and twenty-eighth claims regarding the existence of incriminating fail as the record belies her contentions. The Movant claims that police and Attorney Mansfield did not have enough evidence for a viable case[5]. *See* Movant's PCRA Motion at 4-5. A

---

[5] More specifically, claim fifteen stated police had no incriminating evidence. Claim twenty-eight stated Attorney Mansfield did not have viable evidence to prosecute her case.

16

thorough review of the record shows that on May 17, 2017, the decedent became unresponsive and was flown to Hershey Medical Center for treatment. The decedent was pronounced deceased on May 20, 2017. The police conducted interviews of everyone that came in contact with the decedent on May 17, 2017. The police determined that the Movant was the only adult that came into contact with the decedent. An autopsy revealed the decedent suffered multiple traumatic injuries to her brain and spinal cord. This led to her incapacitation. Also, regarding her condition, the autopsy stated she suffered from malnutrition, starvation, and a failure to thrive. There was enough evidence for Attorney Mansfield to have probable cause that the Movant was responsible for the aforementioned actions. Thus, this Court determines that these claims are without merit.

The Movant's sixteenth, seventeenth, nineteenth, twentieth, and twenty-first claims of police ineptitude fail as the Movant failed to plead and prove facts sufficient to warrant relief. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant took issue with several parts of the investigation[6]. *See* Movant's PCRA Motion at 4-5. However, the Movant provided this Court with no evidence that could be seriously entertained. The police conducted an investigation that included interviewing witnesses and obtaining expert opinions on the cause of death. As stated above, the evidence implicated the Movant in the murder of the decedent. More importantly, the Movant voluntarily pleaded guilty to the crime. Thus, this Court holds these claims are without merit.

The Movant's eighteenth claim that police interviewed her son without a parent present fails as it is irrelevant to her voluntary guilty plea. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant

---

[6] More specifically, claim sixteen stated that the police failed to interview other possible suspects. Claim nineteen stated that the police failed to investigate prior abuse. Claim twenty stated police failed to investigate prior CYS claims. Claim twenty-one stated the police did not have the requisite training to handle her case.

17

claimed that police interviewed her son, then nine (9) years old, without a parent or guardian. *See* Movant's PCRA Motion at 5. Assuming, *arguendo,* that this is the case, it has no pertinence to either her attorney's capabilities or on her voluntary guilty plea. Thus, this Court holds this claim was made in conclusory fashion and is without merit.

The Movant's eleventh, twenty-second, twenty-third, twenty-fourth, and twenty-fifth claims regarding judicial misconduct fail because they are without merit. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed there were several instances of judicial misconduct that required Judge Knisely to recuse himself[7]. *See* Movant's PCRA Motion at 4-5. However, the Movant did not provide any argument or justification on how this led to her involuntarily or ignorantly pleading guilty. Assuming, *arguendo,* these assertions are true about Judge Knisely, this Court cannot discern any prejudice from these actions. Thus, there was no cause for the Movant's attorney to request Judge Knisely to remove himself from the case. Thus, this Court determines there is no basis for the Movant's claims and they do not warrant relief.

The Movant's twenty-sixth claim that Attorney Mansfield failed to turn over the entirety of discovery fails as the Movant failed to plead and prove facts sufficient to warrant relief. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claims that Attorney Mansfield refused to provide her with the entirety of discovery. *See* Movant's PCRA Motion. However, the Movant failed to provide any specifics on what was not turned over. Without any further details, this Court determines this claim is conclusory and thus does not warrant relief.

---

[7] More specifically, claim eleven stated that the Movant's attorneys failed to ask Judge Knisely to remove himself from the case. Claim twenty-two stated Judge Knisley failed to remove himself from the matter after receiving a packet from Justice and Mercy. Claim twenty-three stated that Judge Knisely had lunch with members of Justice and Mercy. Claim twenty-four stated that members of Justice and Mercy were campaign donors to Judge Knisely. Claim twenty-five stated that Judge Knisley transferred the case to the A.G.'s Office.

18

The Movant's twenty-seventh claim that Attorney Mansfield threatened the Movant's son fails as the Movant failed to plead and prove facts sufficient to warrant relief. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant claimed that Attorney Mansfield threatened the well-being of the Movant's son stating she would make him testify if the matter went to trial. *See* Movant's PCRA at 5 Motion. The Movant's son was interviewed by an employee of the Lancaster County Children's Alliance. During that interview, the Movant's son made statements about how the Movant was the sole adult caretaker of the decedent at the time the incident occurred. Had the case proceeded to trial, Attorney Mansfield could have subpoenaed the son to testify. Thus, this Court holds this claim is without merit.

The Movant's twenty-ninth claim that her Eight Amendment rights were violated fails as the Movant failed to plead and prove facts sufficient to warrant relief. To obtain relief under the PCRA, a movant must plead and prove facts sufficient to warrant relief. 42 Pa.C.S.A.§ 9543(a). The Movant stated that her Eight Amendment right against cruel and unusual punishment was violated. *See* Movant's PCRA Motion at 5. The Movant does not provide any evidence for this claim. She does not detail her living conditions or state why they are unconstitutional. Thus, this Court holds this claim is without merit.

19

## Disposition

For the foregoing reasons, Counsel's Motion to Withdraw as Counsel is **GRANTED**. Furthermore, notice is hereby given to the Movant that this Court intends to dismiss the Movant's PCRA Motion without a hearing. The Movant has twenty (20) days from the date of this Notice to respond and provide the Court with any relevant information or documentation for review.

BY THE COURT:

DENNIS E. REINAKER
JUDGE

ATTEST:

Copies to: 2-15-24 C 2:37

Angela Diaz, PD8509, SCI Cambridge Springs, 451 Fullerton Avenue, Cambridge Springs, PA mail
16403
Christopher Lyden, Esquire, 53 North Duke St., Suite 205, Lancaster, PA 17602 mail
Office of the District Attorney
Clerk of Courts



20